**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NEI CONTRACTING AND
ENGINEERING, INC., on Behalf of
Itself and All Others Similarly
Situated,

*Plaintiff-Appellant*,

v.

HANSON AGGREGATES PACIFIC
SOUTHWEST, INC., a Delaware
Corporation; HANSON AGGREGATES,
INC.; LEHIGH HANSON, CO.,

*Defendants-Appellees*.

No. 16-56498

D.C. No.
3:12-cv-01685-
BAS-JLB

OPINION

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Filed June 5, 2019

Before: Richard A. Paez and Richard R. Clifton, Circuit
Judges, and Sharon L. Gleason,[*] District Judge.

Opinion by Judge Gleason

---

[*] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

## SUMMARY[**]

### Class Certification / Standing

The panel affirmed the district court's order decertifying a class of persons where the class representative lacked standing as to its individual claim.

The district court decertified a plaintiff class of cellular phone users whose calls were recorded purportedly without their consent by defendant on the ground that the class did not satisfy Fed. R. Civ. P. 23(b)(3)'s predominance requirement. Subsequently, the district court held that the lead plaintiff lacked standing to bring its California Invasion of Privacy Act claim against defendant.

The panel held that this case presented a threshold standing issue. The panel held that a class must be decertified when the class representatives are found to lack standing as to their individual claims. Furthermore, by failing to challenge the district court's standing determination, plaintiff had waived its right to challenge that determination. The panel further held that neither mootness exception raised by plaintiff stood for the proposition that a class could be certified if the class representative lacked standing as to its individual claim.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Janice R. Mazur (argued), Mazur & Mazur, El Cajon, California; Douglas J. Campion, Law Offices of Douglas J. Campion APC, San Diego, California; Richard E. Grey, Grey Law Group APC, El Cajon, California; for Plaintiff-Appellant.

Fred R. Puglisi (argued), Jay T. Ramsey, and Valerie E. Alter, Sheppard Mullin Richter & Hampton LLP, Los Angeles, California; for Defendants-Appellees.

## OPINION

GLEASON, District Judge:

### I.  BACKGROUND

NEI Contracting and Engineering, Inc. ("NEI") was a longtime customer of concrete supplier Hanson Aggregates, Inc. ("Hanson"). Like Hanson's other customers, NEI placed orders for Hanson's products by calling into a dedicated telephone order line. The order line connected callers to a call directory system that allowed customers to route their call. Two of the potential routes were Hanson's "Ready Mix Dispatch" line and its "Aggregate Dispatch" line. Hanson recorded all customer calls that were directed to these two dispatch lines.

On July 15, 2009, Hanson began using an "Oaisys Talkument" phone system. When this system was in place, callers to the two dispatch lines heard a pre-recorded verbal admonition stating that calls "may be monitored for quality

assurance." It did not inform the caller that the call was being recorded.

In 2011 and 2012, NEI and Hanson litigated a billing dispute arising from orders NEI had placed using the dispatch lines. During that litigation, Hanson produced recordings of calls that NEI had placed to the dispatch lines. The litigation settled in May 2012 in Hanson's favor.

On July 6, 2012, NEI initiated this suit against Hanson under California's Invasion of Privacy Act ("CIPA"). NEI's initial complaint alleged that Hanson had violated California Penal Code § 632, which prohibits the unauthorized connection to or recording of confidential communications.[1] On October 29, 2013, NEI filed a Second Amended Complaint ("SAC"). The SAC abandoned the § 632 claim and instead brought a claim for relief under § 632.7, alleging that Hanson had recorded NEI's cell phone calls without its consent.[2] The SAC alleged that Hansen had recorded at least

---

[1] In relevant part, § 632 states: "A person who, intentionally and without the consent of all parties to a confidential communication, uses . . . [a] recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation, or imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment."

[2] In relevant part, § 632.7(a) states: "Every person who, without the consent of all parties to a communication, . . . records . . . a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two

45 cell phone calls that NEI had placed to the dispatch lines. NEI sought $5,000 in statutory damages for each violation of the statute,[3] injunctive relief, and class certification.

On December 23, 2013, Hanson changed the recorded admonition on its dispatch lines. The updated recording stated that calls "may be monitored *or recorded* for quality assurance purposes." Following that change, NEI defined its proposed class as:

> All persons who called Defendant with a cellular telephone and selected the Aggregate or Ready Mix Dispatch lines through Defendant's telephone system, whose calls were recorded by Defendant, during the time period beginning July 15, 2009, and continuing through December 23, 2013.

Hanson opposed certification, asserting that the proposed class would not meet Federal Rule of Civil Procedure 23(b)(3)'s predominance requirement because there would need to be individualized determinations made as to whether each class member had consented to being recorded. The district court initially concluded that the

---

thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment."

[3] In relevant part, California Penal Code § 637.2 states: "Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000) per violation[;] (2) Three times the amount of actual damages, if any, sustained by the plaintiff."

predominance requirement was not satisfied, and denied class certification. NEI moved for reconsideration and provided new evidence regarding the timing of certain recorded conversations. Based on this information, the court certified the class. Following certification, however, Hanson identified nine customers who had actual knowledge of Hanson's recording practice during the class period and continued to place orders with Hanson. Hanson moved to decertify the class, citing these nine customers as evidence that Rule 23's "commonality" and "predominance" requirements were not satisfied. Concluding that the predominance requirement had not been satisfied, the district court decertified the class on May 6, 2016.

Following decertification, NEI proceeded towards a bench trial on its individual claim with respect to 44 cell phone calls. Shortly before trial, the district court granted Hanson's motion in limine to preclude NEI's corporate representative from testifying about employees' knowledge of call recording as inadmissible hearsay. On the morning of trial, NEI informed the court that it would only be pursuing claims based on a single call.

On September 15, 2016, the district court ruled against NEI on its statutory damages claim. The court also concluded that NEI lacked standing to seek damages on its individual claim or injunctive relief:

> [I]n order to establish Article III standing, although it need not show actual damages, NEI must show that it "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *See Spokeo,*

*Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). . . . [E]ven if Hanson violated CIPA, the Court finds that NEI has not suffered a concrete or particularized injury by the violation. Accordingly, NEI lacks standing to pursue its claim under CIPA in this Court. *See Spokeo*, 136 S. Ct. 1540 at 1547; *see also Lujan*, 504 U.S. at 559–61.

NEI appeals the class decertification order.[4] It does not appeal the judgment in Hanson's favor as to NEI's individual claim.

## II. STANDARD OF REVIEW

A district court's decertification order is reviewed for abuse of discretion. *See Smith v. Univ. of Washington, Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). "Questions of standing are . . . reviewed de novo, but underlying factual findings are reviewed for clear error." *McCormack v. Herzog*, 788 F.3d 1017, 1024 (9th Cir. 2015) (citing *Preminger v. Peake*, 552 F.3d 757, 762 n.3 (9th Cir. 2008)). We have jurisdiction under 28 U.S.C. § 1291.

## III. DISCUSSION

The district court decertified the class on the ground that the class did not satisfy Rule 23(b)(3)'s predominance

---

[4] NEI also appeals the denial of its motion for attorneys' fees. We address this issue in a memorandum disposition filed concurrently with this opinion.

requirement. Subsequently, the district court held that NEI lacked standing to bring its CIPA claim against Hanson. NEI's appeal focuses primarily on whether the district court's predominance analysis constituted an abuse of discretion. But more fundamentally, this case presents a threshold question: whether a class must be decertified when the class representative is found to lack standing as to its individual claims.

To establish Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). In a class action, this standing inquiry focuses on the class representatives. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972).

"[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting 3 HERBERT B. NEWBERG ON CLASS ACTIONS § 3:19 (4th ed. 2002)). Our circuit precedent indicates that when a class is certified and the class representatives are subsequently found to lack

standing, the class should be decertified and the case dismissed.

In *Lierboe v. State Farm Mutual Auto Insurance Co.*, the plaintiff filed a class action asserting that an insurer's "anti-stacking" policy violated Montana state law. 350 F.3d at 1020. After the district court certified the class, the Supreme Court of Montana held — on a certified question — that the named plaintiff had no claim under state law. *Id.* at 1021. We held that because the sole named representative "had no stacking claim from the outset of her litigation," the district court's class certification order "must be vacated." *Id.* at 1023, 1023 n.6. Similarly, in *Williams v. Boeing Co.*, a district court decertified a class in part because it found that the class representatives lacked standing as to their post-2000 claim. 517 F.3d 1120, 1125 (9th Cir. 2008). Similar to this case, the plaintiffs did not contest the standing determination on appeal. *Id.* at 1136. We held that the district court's decision to decertify the post-2000 claim class did not constitute an abuse of discretion "because the named Plaintiffs concede that they do not have standing with regard to the post-2000 claim." *Id.*

The principle articulated in *Lierboe* and *Williams* is dispositive here. Following decertification, the district court held that NEI lacked standing to bring its claim under CIPA. NEI "only appeals from the district court's Decertification Order"; it does not appeal the district court's standing determination. As noted above, however, a class must be decertified when the class representatives are found to lack standing as to their individual claims. Furthermore, by failing to address its individual standing on appeal, NEI has waived the right to challenge the district court's standing determination. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977

(9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

NEI maintains it has standing to appeal the decertification order notwithstanding the adverse judgment against it on the merits. NEI cites to two exceptions to the mootness doctrine that may permit a class representative to appeal a decertification decision even if the representative's individual claims have been mooted. First, it is well settled that a class representative whose individual claim has been mooted but who retains a "personal stake" in class certification may appeal a certification decision. *See, e.g.*, *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336, 340 (1980). Second, "[w]hen the claim on the merits is 'capable of repetition, yet evading review,' the named plaintiff may litigate the class certification issue despite loss of his personal stake in the outcome of the litigation." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980) (citation omitted).

Neither of these mootness principles can remedy or excuse a lack of standing as to the representative's individual claims. As to the first exception, our decision in *Lierboe* is instructive. We noted there that "[i]f Lierboe initially had a viable stacking claim that later became moot, then our law in an appropriate case would permit substituting proper class representatives to allow the suit to proceed." 350 F.3d at 1023 n.6. But because Lierboe "had no stacking claim from the outset of her litigation," we held that the district court's certification of the class "must be vacated." *Id.* at 1023, 1023 n.6. Similarly, in *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, the Supreme

Court discussed the relationship between the second mootness exception and the doctrine of standing:

> [I]f mootness were simply "standing set in a time frame," the exception to mootness for acts that are "capable of repetition, yet evading review" could not exist. Standing admits of no similar exception; if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum.

528 U.S. 167, 170 (2000) (citations omitted). Accordingly, neither mootness exception stands for the proposition that a class can be certified if the class representative lacked standing as to its individual claim.

## IV. CONCLUSION

The district court concluded that NEI lacked standing and NEI has waived any argument to the contrary. Given the class representative's lack of standing, the trial court did not abuse its discretion in decertifying the class. We affirm the district court's decertification order on this basis.[5]

**AFFIRMED**.

---

[5] Given our resolution of the case, we need not, and do not, reach any of the other issues presented by the parties.