**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPORT COLLECTORS GUILD, INC.; PATRICE LAGNIER, | No. 21-15041 |
| Plaintiffs-Appellants, | D.C. No. 2:19-cv-04573-MTL |
| v. | |
| BANK OF AMERICA, NA, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| SMALL BUSINESS ADMINISTRATION; UNITED STATES OF AMERICA, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted November 17, 2021[**]
Phoenix, Arizona

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, MURGUIA, and BRESS, Circuit Judges.

Plaintiffs Sport Collectors Guild, Inc. and Patrice Lagnier appeal the district court's granting of defendant Bank of America, NA's ("BANA") motion to dismiss, challenging solely the district court's earlier decision to allow BANA an extension of time to file a responsive pleading. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Even assuming that the excusable neglect standard was not applied and that the motion would have been denied if it had been, "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. This principle applies with equal force to appellate review. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554 (1984). After granting the extension motion, the district court went on to dismiss the plaintiffs' claims as meritless, and the plaintiffs have not appealed that decision. As such, they have waived any argument that their complaint had merit. *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016). Indeed, the district court held that the plaintiffs lacked standing to bring the fraudulent concealment claim. As the plaintiffs have not appealed this holding, they have waived any argument that they in fact have standing. *NEI Contracting &*

*Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 533 (9th Cir. 2019). This deficiency compelled the court to dismiss the claim against BANA and would have required this outcome regardless of when, if ever, standing was raised. *San Francisco Drydock, Inc. v. Dalton*, 131 F.3d 776, 778 (9th Cir. 1997) (explaining that courts are obligated to ensure standing exists and to raise it sua sponte "if need be"); *Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009) ("[T]he jurisdictional issue of standing can be raised at any time."). As such, the outcome of this case would have been the same had the extension motion been evaluated differently—it would have been dismissed—and the plaintiffs cannot show they were prejudiced.

Moreover, the Federal Rules of Civil Procedure are undergirded by a strong presumption in favor of deciding cases on the merits. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). That is precisely what happened here.

We note that pursuing default after a brief, nonprejudicial delay, while in litigation with the same defense counsel in a different case and doing so *after* the defendants sought an extension, betokens a degree of gamesmanship in the plaintiff's approach to this meritless lawsuit of the type this court has condemned.

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1263 (9th Cir. 2010) (disapproving of "hardball tactics designed to avoid resolution of the merits of th[e] case"). "Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Id.*

**AFFIRMED**.