NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GEORGE DRAGAN, an individual; KIRILL DRAGAN, an individual, | No. 21-55387 |
| Plaintiffs-Appellees, | D.C. No. 2:18-cv-00448-MWF-FFM |
| v. | |
| WILLIAM VALLADOLID, an individual, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| TROJAN INVESTMENTS, LLC, a California limited liability company; MIKHAIL SOSINSKY; ANNA SOSINSKY; DOES, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 10, 2022**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA, LEE, and FORREST, Circuit Judges.

Defendant William Valladolid appeals the district court's decision granting Plaintiffs George Dragan and Kirill Dragan's (collectively, the Dragans) partial motion for summary judgment and denying Valladolid's cross-motion for partial summary judgment, which argued that the Dragans lacked standing to sue. Valladolid also appeals the district court's subsequent order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review determinations of standing de novo but any underlying factual findings for clear error. *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 531 (9th Cir. 2019). We also "review a grant of summary judgment or partial summary judgment de novo, applying the same standard of review as the district court under Federal Rule of Civil Procedure 56." *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016). Finally, we review a district court's denial of a motion for reconsideration for abuse of discretion. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Because the parties are familiar with the facts and history of this case, we do not recount it here.

**1. *Discovery Issues*.** Valladolid argues that the district court erred by denying his verbal request for a continuance to conduct additional discovery regarding ownership of the transferred funds at issue. A district court has discretion to delay its decision on a motion for summary judgment to provide time for supplemental

2

discovery. *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 773 (9th Cir. 2003).

The district court did not abuse its discretion when it denied Valladolid's request because Valladolid failed "to pursue discovery diligently before summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). The Dragans testified at their depositions over a month before Valladolid filed his motion for summary judgment that the transferred funds belonged to them. Valladolid never sought court intervention to compel further discovery about the source of funds and voluntarily agreed to a discovery stay *after* the Dragans submitted Vladimir Isperov's declaration. Moreover, Valladolid failed to comply with Federal Rule of Civil Procedure 56(d)'s requirement that a party seeking additional discovery to challenge a motion for summary judgment submit an affidavit with "the specific facts that further discovery would reveal" and an explanation of "why those facts would preclude summary judgment." *SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (quotation marks and citation omitted).

Likewise, the district court did not abuse its discretion by considering the Isperov declaration despite Valladolid's objection that he had not received discovery from Lending Tiger Investments, Inc. (LTI). Although the Dragans did not include Isperov on their initial Rule 26 disclosure, they disclosed him as a person with knowledge of their relationship with LTI in response to Valladolid's interrogatories

3

well before Valladolid cross moved for summary judgment. And Valladolid himself identified Isperov as a witness who may have discoverable information about the source of transferred funds. Therefore, the district court did not abuse its discretion by considering Isperov's declaration on that topic.

2. *Standing.* Valladolid argues that the Dragans cannot establish injury in fact—and consequently do not have standing—because the transferred funds belonged to LTI. The sole piece of evidence supporting Valladolid's contention is that the transferred funds came from LTI's account. But uncontradicted sworn deposition testimony and declarations from the Dragans and Isperov establish that the funds wired from LTI's account belonged to the Dragans.[1] The district court did not clearly err in finding that the Dragans owned the transferred funds. Valladolid's argument that the district court improperly considered a third-party-beneficiary theory misunderstands its ruling. The district court did not allow the Dragans to collect a debt on behalf of a third party or create next-friend standing; it determined the Dragans had standing because they owned the transferred funds. Accordingly,

---

[1]On appeal, Valladolid cites Mikhail Sosinsky's declaration to dispute the Dragans' ownership of these funds. Valladolid first introduced the Sosinsky declaration in support of his motion for reconsideration, despite his having had access to it for at least six months before the district court's summary judgment decision. Thus, the district court did not err by not considering the facts contained therein when deciding Valladolid's motion for reconsideration, and we do not consider the Sosinsky declaration on appeal. *Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1128 n.1, 1133 n.5 (9th Cir. 2020).

we affirm the district court's standing decision.

**3. *Fraud Claims*.** Valladolid argues that the Dragans cannot prove reliance and economic loss because the transferred funds belonged to LTI. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 460–61 (2013); *All. Mortg. Co. v. Rothwell*, 900 P.2d 601, 608 (1995). For reasons already discussed, this argument fails because there is no genuine dispute of material fact regarding the Dragans' ownership of the funds.

Valladolid also offers no evidence to dispute that he induced the Dragans to invest $950,000 to purchase MegaData stock by misrepresenting the value of MegaData and then giving the Dragans a forged stock purchase agreement. Thus, there is also no genuine dispute of material fact that Valladolid made a misrepresentation in connection with the purchase or sale of a security. *Amgen Inc.*, 568 U.S. at 460–61. We affirm the district court's grant of summary judgment in favor of the Dragans' common law and federal securities fraud claims.

**4. *Breach of Fiduciary Duty*.** Valladolid's argument that he did not owe the Dragans a fiduciary duty also fails. Under California law, both a partnership and a joint venture create a fiduciary duty owed by partners to the partnership and other partners, *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 181 P.3d 142, 150 (2008), and an LLC managing member owes duties of care and loyalty to the LLC and its members. Cal. Corp. Code § 17704.09. Valladolid offers no evidence that the joint

venture outlined in the partnership letter that he sent to the Dragans was not consummated. And the record shows that Valladolid subsequently sent the Dragans a term sheet related to his request for additional funds for the fraudulent MegaData investment that lists the Dragans as partners with Valladolid. The district court did not err in concluding that Valladolid owed fiduciary duties to the Dragans and granting summary judgment to the Dragans on their breach of fiduciary duty claim.

**5.** *Motion for Reconsideration.* The district court denied Valladolid's motion for reconsideration on the merits and as untimely because he filed it one week after the time allowed under Central District of California Local Rule 7-18 without showing good cause for the delay. On appeal, Valladolid does not address the district court's finding that the motion for reconsideration was untimely. Therefore, Valladolid has waived his challenge to the district court's ruling on his motion for reconsideration. *See Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001).

**AFFIRMED.**