**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JESUS SARMIENTO, et al,

              Plaintiffs-Appellants,

v.

SEALY, INC., et al,

              Defendants-Appellees.

No. 21-16562

D.C. No. 4:18-cv-01990-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted August 29, 2022[**]
San Francisco, California

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

Individual plaintiffs Jesus Sarmiento and Juan Chavez appeal from the

district court's denial of class certification and grant of summary judgment to

Defendants Sealy, Inc., and Sealy Mattress Manufacturing Company, LLC.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs contend that Defendants' employee payment practices during the course of Plaintiffs' employment violated the applicable collective bargaining agreement. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. "We review orders denying class certification as well as the underlying factual determinations for abuse of discretion." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 928 (9th Cir. 2018). "A district court abuses its discretion when it applies the wrong legal standard." *Id.* Plaintiffs challenge only the district court's conclusion that Plaintiffs lack standing to assert a violation of Cal. Lab. Code § 226(a)(8) on the ground that their wage statements improperly listed Sealy, Inc., as their employer. *See* Cal. Lab. Code § 226(a)(8) ("An employer . . . shall furnish to his or her employee . . . an accurate itemized statement in writing showing . . . the name and address of the legal entity that is the employer.").

"[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) (quoting *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003)). Plaintiffs "bear[] the burden of showing that the Article III standing

requirements are met." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc).

Plaintiffs fail to satisfy the "injury in fact" requirement of Article III standing. Any "specific procedural violations alleged" must "actually harm, or present a material risk of harm" to Plaintiffs' "concrete interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Plaintiffs do not allege or identify any harm resulting from the allegedly improper listing of Sealy, Inc., on their wage statements. Thus, Plaintiffs lack Article III standing, and the district court did not abuse its discretion in denying certification of the corresponding class.

2. "We review de novo a district court's grant of summary judgment." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). Because Defendants are the moving party and do not bear the ultimate burden of persuasion at trial, they have "both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry their burden of production, Defendants "must either produce evidence negating an essential element of [Plaintiffs'] claim . . . or show that [Plaintiffs] do[] not have enough evidence of an essential element to carry [their] ultimate burden of persuasion at

trial." *Id.* To carry their burden of persuasion, Defendants "must persuade the court that there is no genuine issue of material fact." *Id.* If Defendants carry their burden of production, Plaintiffs must produce evidence to support their claim, *id.* at 1103, and Plaintiffs must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). If Plaintiffs fail to make this showing, then Defendants are entitled to summary judgment. *Nissan Fire*, 210 F.3d at 1103. Plaintiffs argue that the district court applied the incorrect burden of production in analyzing their claims arising under Cal. Lab. Code §§ 222 and 223. These provisions make it unlawful for an employer to willfully withhold wages or pay secret wages, respectively. Defendants carried their burden by showing that Plaintiffs lacked evidence of willful or secret wage deductions. At that point, the burden shifted to Plaintiffs to produce or identify evidence of willful or secret wage deduction. The district court granted summary judgment to Defendants on these claims based on Plaintiffs' failure to do so. The district court did not err in granting summary judgment on these claims on this basis.

3. Plaintiffs argue that the district court applied the incorrect burden of production in analyzing their claims under Cal. Lab. Code §§ 201–203. These

4

provisions penalize an employer who willfully fails to timely pay employees at the time of discharge. *See* Cal. Lab. Code § 203. Defendants carried their burden by showing that Plaintiffs lacked any evidence that a failure by Defendants to timely pay Plaintiffs was willful. The district court granted Defendants' motion based on Plaintiffs' failure to do so. The district court did not err in granting summary judgment on these claims on this basis.

4. Plaintiffs argue that the district court erred in granting summary judgment to Defendants on Plaintiffs' claim under Cal. Lab. Code § 226(a)(8) and their derivative claim under the Private Attorneys' General Act ("PAGA"), Cal. Lab. Code §§ 2698–2699.6. The district court granted summary judgment to Defendants on the ground that Plaintiffs lack Article III standing to assert the claim under § 226(a)(8). For the reasons discussed above, Plaintiffs lack standing to assert this claim as individuals. Because Plaintiffs lack standing to assert this claim as individuals, they also lack standing to assert their derivative PAGA claim. *See Kim v. Reins Int'l Cal., Inc.*, 459 P.3d 1123, 1127 (Cal. 2020). The district court did not err in so holding.

**AFFIRMED.**