**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUX EAP, LLC,

        Plaintiff-Appellant,

v.

COMMUNITY ACTION
EMPLOYMENT ASSISTANCE
PROGRAM,

        Defendant-Appellee,

KATHLEEN A. BRUNER,

        Intervenor-Appellee,

ROBERT BRUNER,

        Intervenor-Appellee,

No. 21-56122

D.C. No.
2:21-cv-02242-DMG-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted June 13, 2023
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BYBEE and CHRISTEN, Circuit Judges, and VITALIANO,** District Judge.

Lux EAP, LLC ("Lux") appeals from the Rule 12(b)(1) dismissal of its claim for indemnification against Community Action Employment Assistance Program ("CAEAP").  We review the dismissal of this claim de novo, *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007), and we affirm.

Kathleen and Robert Bruner ("the Bruners"), intervenors-appellees, were the founders of CAEAP, a worker assistance program.  In 2016, the Bruners transferred management of CAEAP to Lux.   By the terms of the transfer agreement, the Bruners were retained by Lux as paid consultants.  The agreement also included a provision that obligated CAEAP to indemnify Lux against any liability arising out of its management of CAEAP.

In May 2017, Lux wound down CAEAP's operations and stopped paying the Bruners their consulting fees.  These events were the wellspring of a season of litigation among the parties.  At the start, the Bruners succeeded on their $3.1 million breach of contract claim against Lux.  Litigation continued intermittently thereafter in various state and federal courts.  Finally, Lux brought this action against CAEAP, in which the Bruners intervened with the consent of the parties.

---

** The Honorable Eric N. Vitaliano, Senior United States District Judge for the Eastern District of New York, sitting by designation.

This appeal is taken from the district court's dismissal of that action for want of subject matter jurisdiction.

It is a cardinal principle of federal jurisdiction, that a federal court is without the authority to adjudicate a claim absent the presence of a bona fide case or controversy. *Id.* Consequently, a suit between parties who are not truly adverse cannot satisfy the requirement of Article III of the Constitution that the lawsuit present an actual case or controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937); *United States v. Johnson*, 319 U.S. 302, 304–05 (1943) (per curiam). Appellant's lawsuit presents no actual controversy, and that is the cause of its failure here.

Lux sued CAEAP purportedly seeking a declaratory judgment directing CAEAP to indemnify Lux for the damages Lux owed to the Bruners on their breach of contract judgment. But, plaintiff Lux and defendant CAEAP had been, and were at the time this action was filed, controlled by common management. In actuality, Lux was suing itself. With the suit being friendly, CAEAP did not even oppose Lux's "demand" for relief. Finding that no bona fide case or controversy had been presented, the district court granted the Bruners' motion to dismiss for lack of subject matter jurisdiction. *See Rhoades*, 504 F. 3d at 1157.

Lux now rests on its argument that the unopposed intervention by the Bruners had resuscitated the district court's subject matter jurisdiction over the

3

action because the Bruners were adverse to Lux, thus presenting a bona fide case or controversy. Lux cites no authority for its postulation that post hoc intervention by a third party can reanimate a case over which the court lacks subject matter jurisdiction. Nor does it come to grips with case law suggesting that intervention in such circumstances should not be allowed, much less be held to restore jurisdiction that never existed. *See, e.g.*, *Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1184 (9th Cir. 2002); *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011); *United States v. Ford*, 650 F.2d 1141, 1142–43 (9th Cir. 1981); *cf. Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003) (establishing that in the class action context, in the absence of a party with standing, jurisdiction cannot be salvaged through the substitution of a new party); *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 533 (9th Cir. 2019) (applying *Lierboe*).

In sum, where the complaint at its filing does not satisfy the case or controversy requirement of Article III, there is no case constitutionally present, and the subsequent intervention of a third party will not, as the district court properly found here, create subject matter jurisdiction where none previously existed.[1] Rule 12(b)(1) dismissal is appropriate instead.

---

[1] We further lack jurisdiction to review the district court's conclusion in dictum that this action is "sham litigation" and "absurd." *See Black v. Cutter Lab'ys*, 351 U.S. 292, 297 (1956) (We "review[] judgments, not statements in opinions.").

**AFFIRMED.**