**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KODIAK BLAINE; et al.,

          Plaintiffs-Appellants,

v.

BENEFIS HEALTH SYSTEM; et al.,

          Defendants-Appellees.

No.    22-35497

D.C. No. 4:21-cv-00092-BMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted August 25, 2023
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge VANDYKE.

Plaintiffs-Appellants were separately injured in car accidents and received

medical care from one or more of the Defendants-Appellees. Plaintiffs sued,

alleging that Defendants charged impermissible rates for healthcare, and the

district court dismissed with prejudice based on a lack of Article III standing.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in part, reverse in part,

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and remand with instructions.

We review de novo a district court's determination whether a party has standing, *see Meland v. WEBER*, 2 F.4th 838, 843 (9th Cir. 2021), and we review underlying factual findings for clear error, *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc*., 926 F.3d 528, 531 (9th Cir. 2019). Though the district court erroneously cited the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it ultimately concluded that Plaintiffs failed to allege a cognizable injury-in-fact, "and as a result, lack standing to pursue the[ir] claims." We find that Plaintiffs have failed to meet the "irreducible constitutional minimum" of Article III standing in their operative Second Amended Complaint. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

We assess standing based on the material allegations contained in the complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 372–73 (9th Cir. 1990); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546–47 (1986) ("[A]ny . . . fact showing the existence of a justiciable 'case' or 'controversy' under Article III[] must affirmatively appear in the record . . . because it is not 'sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings.'" (citation omitted)). And the Second Amended Complaint fails to allege concrete injury to Plaintiffs. Despite their contentions on appeal, Plaintiffs have not alleged in their complaint that Defendants' allegedly

2

improper liens (or actions to collect on those liens) depleted first-party insurance coverage limits, thus preventing Plaintiffs from recovering everything to which they were entitled. They have not alleged that, but for the liens, any Plaintiff would have recovered any more money through an insurance policy or any other means. They have not alleged that any tortfeasor responsible for injury to a Plaintiff paid less to any Plaintiff because of any lien. Instead, they have alleged that Defendants' practices are illegal, deceptive, and otherwise wrongful, and that as a direct consequence, third parties such as tortfeasors' insurers are paying more than they should to Defendants, and that Plaintiffs are losing the benefits of provider agreement contracts their insurers made with Defendants. These allegations do not demonstrate that any Plaintiff suffered "any concrete harm," and accordingly, Plaintiffs have not "satisf[ied] the injury-in-fact requirement of Article III." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).

The district court dismissed this case with prejudice. But jurisdictional dismissals pursuant to Federal Rule of Civil Procedure 12(b)(1) must be dismissals *without* prejudice. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Thus, the district court erred.[1] Plaintiffs, in arguing against dismissal,

---

[1] Defendants conceded at oral argument that a standing dismissal should be without prejudice. Oral Arg. at 17:05–17:22. They contend, however, that there are other bases for a dismissal with prejudice that we should reach on appeal in order to fully affirm. We decline to do so, and leave such arguments to the district court, should Defendants make those arguments following remand.

claimed they could amend their complaint to establish injury-in-fact that would satisfy the requirements for Article III standing.[2]  At oral argument, moreover, in answer to the panel's questions, counsel for Plaintiffs averred, as an officer of the court, that each Plaintiff suffered out-of-pocket losses or was otherwise deprived of money as a result of the claimed illegal liens.[3]

Absent the district court's error in dismissing this case with prejudice, Plaintiffs could have immediately refiled their case with whatever new allegations they may have chosen to make.  But as the dismissal was with prejudice, they were limited to trying to win this appeal before being able to refile.  Were we not to allow Plaintiffs to amend, but leave them simply to filing a new case, they would lose fifteen months for statute of limitations purposes—the time between the dismissal with prejudice and the present.  Thus, in the unique circumstances of this case, we direct the district court, on remand, to allow Plaintiffs an opportunity to amend, without regard to any errors they may have originally made in their attempts to amend, including not following local rules.[4]

---

[2] For example, Plaintiffs' counsel argued that Plaintiff Emily Haro's first-party Geico uninsured motorist coverage is being withheld from her because of one of the challenged medical liens, and that this coverage would otherwise be available to her.

[3] Oral Arg. at 6:15–7:10.

[4] Of course, to be successful in any attempt to amend, Plaintiffs will need to cure the standing deficiency we have identified in their Second Amended Complaint. As noted, counsel has represented, as an officer of the court, that Plaintiffs can

Thus, in short, we reverse the district court's dismissal with prejudice, we remand with instructions to the district court to enter a dismissal without prejudice, and we also instruct the district court to allow Plaintiffs an opportunity to amend.[5]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.**

---

assert individualized personal financial injuries, and not rely on injuries to third parties. As also noted, we express no view as to Defendants' other legal objections to Plaintiffs' claims and leave them to the district court in the first instance, should those objections be reasserted by Defendants on remand.

[5] The parties shall bear their own costs on appeal.



*Kodiak Blaine v. Benefis Health System*, No. 22-35497

VANDYKE, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority, except with respect to the instruction for the district court to allow Plaintiffs an opportunity to amend. In requesting further leave to amend, Plaintiffs failed to comply with the district court's local rules, which require parties to file a motion with the proposed amended pleading attached as an exhibit. *See* D. Mont. R. 15.1. Instead, Plaintiffs included one sentence in their Brief in Opposition to Defendants' Motion to Dismiss requesting that, if the Motion to Dismiss were to be granted, they be given leave to amend. Because Plaintiffs failed to comply with the local rules, the district court did not abuse its discretion in denying leave to amend. *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) ("The Workers' motion to amend violated the local rules, and the district court may in its discretion deny their motion on that basis alone.").

The majority supports its instruction to allow Plaintiffs another opportunity to amend by suggesting that Plaintiffs were prejudiced because the district court's erroneous dismissal with prejudice caused them to lose fifteen months for statute of limitations purposes. It is not clear that this is the case, however, because the injury Plaintiffs tried to claim before this court is different than the one alleged in Plaintiffs' Second Amendment Complaint (SAC). The Plaintiffs originally alleged that they were harmed because Defendants placed liens on third-party insurance or first-party

uninsured motorist policies in the amount of their chargemaster prices, as an alternative to charging Plaintiffs' health insurance providers at lower, contracted rates. That theory of harm is foreclosed by Montana state law. *See Harris v. St. Vincent Healthcare*, 305 P.3d 852, 858 (Mont. 2013).

At oral argument before our court, however, Plaintiffs' counsel stated that, if given leave to amend, they would allege a different harm. Plaintiffs now suggest they are entitled to total recoveries from third-party tortfeasors exceeding their insurance's policy limits. They claim the Defendants' charges for higher amounts have eaten into the insurance's policy limits, causing Plaintiffs to recover less from those insurance policies. In other words, Plaintiffs state that, if given leave to amend, they would allege that Defendants' lien practices made it impossible for each of them to be made whole. Not being made whole, however, is a different type of harm than the one they originally alleged and the district court considered. As such, Plaintiffs may not have been precluded from filing a new suit under this new theory of harm even though the original suit was dismissed with prejudice.

And even assuming they would have been prevented from filing a new suit, that is a predicament of Plaintiffs' own creation. Their decision to proceed only with the theory of harm originally alleged in the SAC was not accidental. The class of individuals available under their new made-whole theory would be severely limited compared to that described in the SAC. Indeed, it may be unable to satisfy the

2

requirements for class certification. First, the class of individuals who have *actually* run up against the tortfeasor's policy limits may not be large enough to satisfy the numerosity requirement. *See* Fed. R. Civ. P. 23(a)(1) (requiring that "the class is so numerous that joinder of all members is impracticable"). Second, determining whether any named plaintiff has run up against insurance policy limits in his or her attempt to recover would be a highly individualized inquiry that would present predominance and commonality problems. *See Bowerman v. Field Asset Servs., Inc.*, 60 F.4th 459, 468–69 (9th Cir. 2023) (explaining how complex, individualized inquiries cannot predominate over common questions in class actions). Plaintiffs were presumably aware of these issues, and they deliberately chose a more tenuous theory of harm that ostensibly impacted a broader class in order to survive class certification. In other words, they deliberately swung for the fences knowing that they might strike out, but with the hope of a home run. Given that deliberate choice, I see no reason to bend the district court's rules to give Plaintiffs a second opportunity to now try for a base hit.

Lastly, the majority observes that, at oral argument, Plaintiffs' counsel "averred, as an officer of the court, that *each* Plaintiff suffered out-of-pocket losses or was otherwise deprived of money as a result of the claimed illegal liens." The majority is correct that Plaintiffs' counsel averred that this theory of harm was suffered by *every* named plaintiff. I am quite skeptical that *every single one* of the

3

named plaintiffs has suffered this kind of injury, but of course it will be up to the district court on remand to hold counsel to the broad factual claim he made before our court. Plaintiffs should not be allowed to surmount standing on one theory of injury, and then attempt to expand their class under their original theory of injury that is foreclosed by Montana state law and has been unanimously rejected by both the district court and our court.