NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNY SABANA, individually and as a representative of a Putative Class of Participants and Beneficiaries, on behalf of all similarly situated participants and beneficiaries on behalf of the Corelogic, Inc. 401(K) Savings Plan, <br><br>         Plaintiff-Appellant, <br> v. <br><br> CORELOGIC, INC.; THE RETIREMENT PLAN COMMITTEE OF CORELOGIC, INC. 401(K) SAVINGS PLAN. <br><br>         Defendants-Appellees. | No. 24-987 <br><br> D.C. No. 8:23-cv-00965-HDV-JDE <br><br> MEMORANDUM[*] |

On Appeal from the United States District Court
for the Central District of California
Honorable Hernán Diego Vera, United States District Judge

Submitted January 17, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
      Judge.[***]

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]   The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Plaintiff Danny Sabana, a former employee of defendant CoreLogic, Inc. ("CoreLogic") and a participant in CoreLogic's 401(k) retirement plan (the "Plan"), appeals from the district court's grant of defendants' motion to dismiss with prejudice for lack of standing. In the district court, plaintiff, on behalf of a putative class of all similarly situated employees, alleged that CoreLogic, together with its plan administrator, breached its duties under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1109(a). Specifically, plaintiff argued that defendants mismanaged the Plan by: (1) causing the Plan participants to pay excessive recordkeeping fees, (2) retaining high fee share investment options for the employees to choose from where lower fee options were available, and (3) retaining underperforming investment options. The district court granted defendants' motion to dismiss, holding that it did not have subject matter jurisdiction over the action because plaintiff does not have Article III standing. The district court dismissed the action with prejudice and without leave to amend, finding that amendment would be futile. Plaintiff appeals the district court's holding only as to the district court's dismissal of claims (1) and (2).

We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instruction. We review de novo a district court's dismissal for lack of subject matter jurisdiction, *S. Coast Specialty Surgery Ctr., Inc. v. Blue Cross of Cal.*, 90 F.4th 953, 957 (9th Cir. 2024), and we review underlying factual findings for clear error, *NEI*

*Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 531 (9th Cir. 2019). "When the district court denies leave to amend because of futility of amendment, we will uphold such denial if it is clear, upon *de novo* review, that the complaint would not be saved by any amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 893 (9th Cir. 2010) (citation and internal quotation mark omitted).

The district court dismissed the case with prejudice based on a lack of standing. This constitutes an error, because jurisdictional dismissals pursuant to Fed. R. Civ. P. 12(b)(1) must be entered without prejudice. *See Mo. ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017); *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011). Further, in his opposition to defendants' motion to dismiss, plaintiff argued that he could amend the complaint to show that he suffered an injury in fact. Plaintiff did not detail this theory at the time, but the theory he now articulates is that overall reduction in recordkeeping fees would proportionally reduce every participant's fee allocation. Plaintiff's theory of standing is not futile on its face and therefore leave to amend should have been granted to allow him to amend the complaint. We have "often noted Rule 15(a)'s direction that it is to be applied liberally in favor of amendments and that, in general, leave shall be freely given when justice so requires." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (citation and internal quotation marks omitted). The preference for permissive

grant of leave to amend is particularly strong where, as here, plaintiff was never given any opportunity to amend his complaint.

Thus, we reverse the district court's dismissal with prejudice and remand with instruction to permit plaintiff an opportunity to amend, following which the district court can consider whether or not he still lacks standing.

**REVERSED AND REMANDED WITH INSTRUCTION.**